*E-Filed 1/14/13*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JESUS CHIPREZ, | No. C 12-4694 RS (PR) |
| Plaintiff, | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| v. | |
| C. QUEZADA, et al., | |
| Defendants. | |

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a).

## DISCUSSION

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id*.

§ 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  Legal Claims**

Plaintiff alleges that defendants, correctional officers at Salinas Valley State Prison, took and never returned his property. Plaintiff's allegations do not contain sufficient factual matter to state claims under § 1983. Plaintiff must allege <u>specific</u> facts as to what property was taken and not returned, and exactly how the listed defendants were involved in the alleged deprivation. Merely listing defendants and alleging in a conclusory fashion that they deprived him of property is not sufficient.

Accordingly, the complaint is DISMISSED with leave to amend. Plaintiff shall file an amended complaint within 30 days from the date this order is filed. The amended complaint must address all the deficiencies listed above, and include the caption and civil case number used in this order (12-4694 RS (PR)) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he

wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Any claims not raised in the first amended complaint will be deemed waived. Plaintiff may *not* incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

Plaintiff is reminded that neither the negligent nor intentional deprivation of property states a claim under § 1983 if the deprivation was random and unauthorized. *See Parratt v. Taylor*, 451 U.S. 527, 535–44 (1981). The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient process. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990). California law provides an adequate post-deprivation remedy for any property deprivations. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–895).

When state officials deprive an inmate of his property pursuant to state regulations and statutes, however, due process mandates a meaningful hearing on the matter. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 437 (1982); *Armendariz v. Penman*, 31 F.3d 860, 866 (9th Cir. 1994), aff'd in part on relevant grounds and vacated in part on other grounds on reh'g en banc, 75 F.3d 1311 (9th Cir. 1996) (en banc).

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

DATED: January 14, 2013

RICHARD SEEBORG
United States District Judge